IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-33-D

| | | |
|---|---|---|
| DAWN HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| SPENCE & SPENCE, P.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on three motions to dismiss: (1) one by defendant Fremont Investment & Loan, Inc. ("Fremont") pursuant to Rule 12(b)(6) (DE #52); (2) one by defendants Elizabeth Standridge and Eldon Standridge (collectively "Standridges") also pursuant to Rule 12(b)(6) (DE #62); and (3) one by defendants Spence & Spence, P.A. ("Spence law firm") and Robert A. Spence, Jr. ("attorney Spence") (collectively "Spence defendants") pursuant to Rules 12(b)(1) and 12(b)(6) (including alternative motions for a more definite statement and to strike pursuant to Rules 12(e) and 12(f), respectively)[1] (DE #74). Plaintiff has submitted memoranda in opposition to all three motions. (*See* DE #89, 87, 88, respectively). The motions were referred to the undersigned Magistrate Judge for review and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Fremont and Standridges' motions be granted and the Spence defendants' motions be granted in part and denied in part. To facilitate understanding of the court's ruling, a chart is appended to this memorandum and recommendation showing the recommended disposition of claims under each motion.

---

[1] Given the recommended disposition of the principal motions, the alternative motions will be recommended for denial as moot without discussion.

## BACKGROUND

Plaintiff commenced this action on 30 January 2007 based on federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). She amended her complaint as of right on 9 March 2007. (*See* Amend. Compl. (DE #17)).

The case involves an alleged mortgage fraud scheme.[2] Plaintiff alleges that in 2003 she was solicited to purchase real property in Johnston County, North Carolina as an investment by defendant Spencer Jenkins ("Jenkins"), doing business as JP Services or JP Services, Inc.; his employee, Mark Lowry ("Lowry"); and other "solicitors."[3] (*Id.*, ¶¶ 3, 4, 20). Plaintiff traveled to North Carolina to meet with the solicitors and look at potential investment properties. (*Id.*, ¶ 22). The solicitors made a number of representations to her. (*Id.*, ¶ 23). First, they represented that there were real estate properties which plaintiff could purchase at less than fair market value which would, as a result, have substantial equity at the time of purchase and that plaintiff would not be required to pay any closing costs. (*Id.*). Next, the solicitors represented that they had identified individuals who were ready, willing, and able to enter into rental agreements for these properties upon closing and that those rental payments would cover the costs associated with plaintiff's investment. (*Id.*). The solicitors also indicated that plaintiff could sell the properties for a profit soon after purchase. (*Id.*). All of these representations were false. (*Id.*, ¶ 24).

Based on the representations made to her, plaintiff provided the solicitors with personal financial information. (*Id.*, ¶ 25). The solicitors wrongfully used that personal information, along

---

[2] In accordance with review standards discussed below, the allegations of the amended complaint are deemed to be true for purposes of the Fed. R. Civ. P. 12(b)(6) motions.

[3] The amended complaint defines "solicitors" as "the principal actors" without identification of particular individuals or entities. (Amend. Compl., p. 2). The same term capitalized (*i.e.*, "Solicitors") is given a different definition. (*Id.*, ¶ 3).

2

with forged powers of attorney, to purchase ten homes in plaintiff's name, five without plaintiff's knowledge. (*Id.*, ¶¶ 26, 27; *cf. id.*, ¶ 60 (addressing several of such properties)). Fremont was the lender for three properties. (*Id.*, ¶ 34). Defendant Annetha Dunn ("Dunn") was allegedly the loan officer for and processed the mortgages on these three properties, purportedly acting as an agent for Fremont.[4] (*Id.*, ¶¶ 11, 28). Dunn also served as the loan officer for and processed the mortgages on the other seven properties.[5] (*Id.*).

The Spence law firm, including attorney Spence and defendant paralegal Patsy L. Narron ("Narron"), represented plaintiff at the closings on all ten homes. (*Id.*, ¶ 29). The sellers of these homes included defendants Homes By Greg Johnson, Inc., Gregory A. Johnson, Elizabeth L. Johnson, Carol Grice Daniels, and the Standridges.[6] (*Id.*, ¶¶ 30-32). The Standridges sold three properties ostensibly to plaintiff but without her knowledge. (*Id.*, ¶¶ 27 d, e, j; 34). Defendant Rodney Taylor appraised nine of the properties. (*Id.*, ¶ 33). Defendant Sybil Pickard "acted as an agent of Defendants," and conspired with Jenkins, Lowry, Narron, and Dunn (*id.*, ¶ 5).

Agreements existed among the solicitors and the sellers whereby the sellers would accept a smaller sum of money than was represented to the lenders on the offer and purchase contract. (*Id.* ¶ 35). The difference between what plaintiff borrowed and what the sellers received was paid to the

---

[4] Paragraph 11 states in relevant part: "Upon information and belief, Dunn acted as co-conspirators of [defendants] Spencer Jenkins, Mark Lowry, Sybil Pickard, and agents of Fremont." (Amend. Compl., ¶ 11). In reading this language to allege that Dunn acted as an agent of Fremont, the court is applying the generous interpretation standard discussed below and eschews the alternative reading that Dunn acted as a co-conspirator of agents of Fremont. In her memorandum, plaintiff states she intended by this sentence to allege that Dunn acted as an agent of Fremont. (Plf.'s Fremont Mem. (DE #89), p. 6).

[5] Because Dunn served as the loan officer on all the purchases in question, the court interprets the term "loan officer" as used throughout the amended complaint (*see, e.g.*, Amend. Compl., ¶¶ 36, 47, 48, 50, 51, 57) to refer to Dunn.

[6] The court interprets "Standridge" as used intermittently in the amended complaint to refer to both Standridge defendants, even though the plural, "Standridges," is defined to refer to them collectively. (Amend. Compl., ¶ 91).

3

solicitors and/or JP Services. *(Id.*, ¶¶ 36, 47). These payments were purportedly illegal. *(Id.*, ¶ 47). The solicitors, the sellers, Narron, Dunn, and Taylor misrepresented and concealed material information regarding the sales. *(Id.*, ¶¶ 51, 57).

The solicitors represented that they would pay the mortgages and maintain the properties. *(Id.*, ¶ 53). However, the solicitors failed to pay the mortgages on the properties, including those properties on which the solicitors received rental payments. *(Id.*, ¶ 56). As a result, many of the mortgages on these properties went into foreclosure. *(Id.*, p. 2).

Plaintiff asserts twelve causes of action, in the order listed: (1) negligence per se; (2) negligence; (3) fraud; (4) breach of fiduciary duty; (5) civil conspiracy; (6) negligent misrepresentation; (7) constructive fraud; (8) legal malpractice/breach of standard of care; (9) violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1; (10) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (11) violation of the anti-kickback and unearned fee provision of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607; and (12) violation of the uniform settlement statements provision of RESPA, 12 U.S.C. § 2603.[7] In conjunction with the first eight, non-statutory causes of action, plaintiff also asserts claims for punitive damages. (Amend. Compl., ¶¶ 71, 77, 83, 91, 97, 111, 122, 137). All causes of action purport to be asserted against all defendants *(id.*, ¶¶ 69, 76, 82, 90, 96, 110, 120, 136, 147, 158-59), except the two based on RESPA, which appear to be against all defendants except Fremont *(id.*, ¶¶ 161, 164-65, 167, 170-71). Each claim incorporates by reference all other allegations in the amended complaint, not simply the

---

[7] The amended complaint erroneously cites the RESPA provisions as part of title 27 of the United States Code.

4

preceding allegations or a specified set of allegations. (*Id.*, ¶¶ 64, 72, 78, 84, 92, 98, 112, 123, 138, 150, 160, 166).

## DISCUSSION

### I. RESPA CLAIMS

Before turning to an analysis of each dismissal motion, the court notes that plaintiff consents to an across-the-board dismissal of her RESPA claims. In her response to the dismissal motion by the Standridges, plaintiff states that "[i]n so much as Plaintiff has asserted a direct private right of action pursuant to the Real Estate Settlement Protection Act, those claims are abandoned and dismissed with prejudice." (Plf.'s Standridge Mem. (DE #87), p. 25). Plaintiff did not limit this statement to the RESPA claims as to the Standridges alone, and the court understands it to apply to all the defendants included in those claims. The Standriges and the Spence defendants seek dismissal of the RESPA claims and on grounds that do or could affect all the other defendants to which the claims apply, including lack of a private right of action under the anti-kickback and unearned fee provision of RESPA, 12 U.S.C. § 2607, the basis of the eleventh cause of action, and expiration of the one-year statute of limitations under the uniform settlement statements provision of RESPA, 12 U.S.C. § 2603, the basis of the twelfth cause of action. Plaintiff did, however, reserve the right to "claim the acts of Defendants violated RESPA for purposes of asserting Negligence per se." (*Id.*). Plaintiff has not followed through and filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1). It is therefore recommended that the court dismiss with prejudice the eleventh and twelfth causes of action, pursuant to Fed. R. Civ. P. 41(a)(2), but that plaintiff be permitted to allege and prove violations of RESPA for purposes of her negligence per se cause of action to the extent that it remains in the case.

5

## II.    STANDARD OF REVIEW

A motion under Fed. R. Civ. P. 12(b)(6) seeks dismissal on the grounds that the complaint challenged fails to state a claim upon which relief may be granted. Ordinarily,[8] the complaint need simply contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[9] However, conclusory statements and allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff must set out sufficient facts to show that he is entitled to relief, which requires more than generic labels, broad conclusions, or a formulaic recitation of the elements of a cause of action. *Id.* Although the Supreme Court has stated that a complaint should not be dismissed unless there is no set of facts that the plaintiff could prove that would entitle him to relief, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), the *Twombly* Court clarified that this standard should not be taken literally to mean that the court has a duty to "conjure up unpleaded facts." *Twombly*, 127 S. Ct. at 1969 *(quoting O'Brien v. Di Grazia,* 544 F.2d 543, 546 n. 3 (1st Cir. 1976)). Prior to *Twombly,* the Fourth Circuit had held that *Swierkiewicz* did not alter the requirement that in the complaint a plaintiff must "set forth *facts* sufficient to allege each element of his claim." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) (emphasis added) *(citing Iodice v. United States*, 289 F.3d 270, 281 (2002)).

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) *(citing Mylan Labs., Inc. v.*

---

[8] In allegations of fraud, the circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b).

[9] In this order, the court cites to and quotes from the Federal Rules of Civil Procedure as revised effective 1 December 2007. The revisions "are intended to be stylistic only." *See* Fed. R. Civ. P. 6, 16, 26, advisory committee's note – 2007 amendment.

6

*Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in the plaintiff's favor. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

The court has the discretion to grant a motion to dismiss under Rule 12(b)(6) with or without prejudice. *St. Clair v. Banker Steel Co., LLC*, No. 6:06CV42, 2007 WL 45785, at *3 (W.D. Va. 2007) (court dismissed plaintiff's complaint without prejudice and granted plaintiff leave to file an amended complaint correcting deficiencies). Ordinarily, where a defect in the complaint is curable, the court should grant the dismissal without prejudice. *Cloaninger v. McDevitt*, No. 106CV135, 2006 WL 2570586, at *6-9 (W.D.N.C. 3 Sept. 2006) (court granted motion to dismiss without prejudice and granted plaintiff leave to amend to accurately assert the dismissed claims); *Threat v. Potter*, No. 3:05CV116, 2006 WL 1582393, at *1 (W.D.N.C. 2 June 2006) ("However, in its discretion, the Court finds that allowing the Plaintiff to amend her Complaint to correct these deficiencies is a wiser course than to order a dismissal at this early stage of the action. The Plaintiff is allowed ten days to amend her Complaint. Depending on the nature of any deficiencies in the Amended Complaint, the Defendant may bring this motion again, if warranted"); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("'[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'") (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)). This principle also holds true for complaints which fail to plead with the requisite particularity required by Rule 9(b), as for allegations of fraud and mistake. *Id.* ("As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice."); *A.J. Plastic Prods., Inc. v. Sandretto USA, Inc.*, No. Civ.

7

A. 04-2267-DJW, 2006 WL 618149, at *4 (D. Kan. 10 March 2006) ("as with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) are often without prejudice, and courts will typically grant the plaintiff leave to amend to plead the asserted fraud with particularity.") (citations omitted).[10]

## III.   OVERVIEW OF MOTIONS

While each motion presents its own issues, a concern underlying all of them is the endemic failure of the amended complaint to specify clearly to which of the moving defendants alleged conduct relates. Instead, defendants and alleged wrongdoing are time and again discussed collectively. The amorphous definition given "solicitors" (*i.e.*, "the principal actors"), the group about which many of the key allegations of wrongdoing are made, is a leading example of this deficiency. (Amend. Compl., p. 2). The imprecise pleading makes it difficult to discern from the amended complaint what each of the moving defendants purportedly did, the relationship among each of them and the other parties, and the role of the moving defendants and other defendants in the transactions alleged.

This problem is compounded by the practice of including many conclusory or formulaic allegations in the formal statements of the various claims without stating expressly, or it otherwise being evident from headings, common terminology, or other techniques, which specific allegations of fact are being relied upon. Time and again, one is put in the position of having to attempt to piece together a claim, which is not clearly stated by plaintiff, from fragmented allegations dispersed throughout the thirty-nine pages and 171 numbered paragraphs of the amended complaint.

---

[10] The relevant standards of review for a Rule 12(b)(1) motion are discussed in the section on the motion by the Spence defendants, the only defendants asserting such a motion.

8

In pointing out these deficiencies, the court is not insisting that plaintiff state all her allegations with particularity, whether or not the particularity requirement of Rule 9(b) applies, or that she put on her case in chief at this early stage of the case. Rather, it seeks to hold plaintiff to the basic requirement that her pleading give each of the moving defendants, as well as the court, intelligible notice of the conduct which she contends each defendant engaged in.

These deficiencies, which are replicated in plaintiff's memoranda opposing the dismissal motions, complicated the court's review of the motions and underlie many of the numerous recommendations herein for dismissal of plaintiff's claims. Specifically, it is recommended that all the claims against Fremont be dismissed; all the claims against the Standridges be dismissed; and all the claims against the Spence defendants be dismissed, except those for negligence, breach of fiduciary duty, civil conspiracy (as to the Spence law firm only), negligent misrepresentation, constructive fraud, malpractice, and punitive damages. Many of these dismissals are without prejudice. In those instances, the court was not able to determine with the requisite certainty that the defects in pleading could not be cured and believes that it would be unduly harsh to dismiss such claims with prejudice at this early stage of the case.

In the event that plaintiff has occasion to amend her allegations against the moving defendants, the court expects her to specify clearly the particular defendants to which the conduct she alleges relates and the particular factual allegations upon which she relies to support each claim. Failure again to do so could result in dismissal with prejudice of the deficiently pleaded claims or other appropriate action.

9

## IV.    FREEMONT'S MOTION (DE #52)[11]

### A.    All Claims Other than the Negligence (2d), Punitive Damages (2d), and UDTPA (9th) Claims *[Dismiss with prejudice under R. 41(a)(2)]*

In her response to the dismissal motion, plaintiff states that with the exception of the claims for negligence, punitive damages, and violation of UDTPA all the claims against Fremont "were not intended to be alleged against [Fremont], and/or are now being voluntarily dismissed." (Plf.'s Fremont Mem. (DE #89), p. 7). Consistent with this statement, plaintiff does not present argument in opposition to dismissal of any of the claims except for the three specified. (*Id.*, pp. 1-7). Plaintiff has not, however, filed a notice of voluntary dismissal of these claims, pursuant to Fed. R. Civ. P. 41(a)(1). It is therefore recommended that the court dismiss with prejudice the claims against Fremont for negligence per se, fraud, breach fiduciary duty, civil conspiracy, negligent misrepresentation, constructive fraud, legal malpractice/breach of standard of care, and violation of RICO, pursuant to Fed. R. Civ. P. 41(a)(2).

### B.    Negligence Claim (2d) *[Dismiss without prejudice]*

As indicated, plaintiff continues to pursue her negligence claim against Fremont. She alleges both direct liability by Fremont (Amend. Compl., ¶ 73) and vicarious liability (*Id.*, ¶ 75).

To state a claim for direct liability for negligence, a plaintiff must allege specific facts which show that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, and the breach by the defendant was the proximate cause of an injury to the plaintiff. *See Harrison v. City of Sanford*, 177 N.C. App. 116, 120, 627 S.E. 2d 672, 676, *rev. denied*, 639 S.E.2d 649 (2006).

---

[11] The claims subject to each motion are generally discussed in the same order that they are discussed in the corresponding memoranda. To facilitate reference, the ordinal designation for each claim is listed in parenthesis in the heading for the section discussing the claim. The heading also gives the recommended disposition of each claim. All recommended dismissals are under Rule 12(b)(6) unless otherwise indicated.

A principal may be held vicariously liable for the negligence of its agent when the agent's negligent act is expressly authorized by the principal, the agent's act is committed within the scope of the agent's employment and in furtherance of the principal's business, or the agent's act is ratified by the principal. *E.g.*, *E.E.O.C. v. Fed. Express Corp.*, 188 F. Supp. 2d 600, 610 (E.D.N.C. 2000).

Applying these principles to the amended complaint, the court finds that it fails adequately to allege a direct claim against Fremont. The amended complaint alleges that Fremont, along with other defendants, was "negligent by violating their duty to exercise reasonable care owed to the Plaintiff in committing the acts and omissions described within this complaint." (Amend. Compl., ¶ 73). However, the amended complaint alleges no facts which show any failure by Fremont itself to exercise reasonable care with respect to plaintiff. North Carolina courts have recognized that "a lender has a duty to perform those responsibilities specified in a loan agreement, but [have] declined to impose any duty beyond those expressly provided for in the agreement." *Wagner v. Branch Banking and Trust Co.*, 179 N.C. App. 436, 634 S.E.2d 273 (Table), No. COA05-1334, 2006 WL 2528495, at *2 (N.C. App. 5 Sept. 2006) (*citing Camp v. Leonard*, 133 N.C. App. 554, 560, 515 S.E.2d 909, 913 (1999) ("[A] lender is only obligated to perform those duties expressly provided for in the loan agreement to which it is a party."); *Perry v. Carolina Builders Corp.*, 128 N.C. App. 143, 150, 493 S.E.2d 814, 818 (1997) ("[I]n the absence of [an] allegation of an express contractual provision between the instant parties requiring [defendant lender] to ensure application of the loan funds at issue to an agreed purpose, plaintiffs were owed no such legal duty."); *Carlson v. Branch Banking and Trust Co.*, 123 N.C. App. 306, 313, 473 S.E.2d 631, 636 (1996) ("[g]enerally, in disbursing a loan: [a] bank must make such application of the proceeds . . . as is agreed upon in the contract between it and the borrower, and is liable for a failure to do so. Ordinarily, under the

11

contract of loan, the bank is to turn the proceeds over to the borrower or his order; and, if such application is made, the bank has fulfilled its part of the contract, and it is not liable for further disposition of the fund.") (*citing* 9 *C.J.S. Banks and Banking* § 395 (1938 & Supp.1995)).

Here, plaintiff's amended complaint, read as a whole, makes clear that Fremont did in fact provide funds in fulfillment of its duties to plaintiff. There are no other facts alleged which would warrant a finding of any other higher duty on Fremont's part. In opposition to Fremont's motion, plaintiff speculates that facts *might* be adduced which show that there was a noticeably fraudulent power of attorney or that Fremont employees negligently overlooked inconsistencies or peculiarities in the documents, but no such facts are alleged. The court cannot merely speculate, as plaintiff encourages, about any such potential breaches of duty by Fremont. Therefore, the claim for direct liability for negligence against Fremont should be dismissed.

The claim for vicarious liability against Fremont is based on the alleged actions of Dunn. As indicated, the amended complaint alleges that Dunn was the loan officer for and processed the mortgages on the three properties for which Fremont made loans (as well as the other properties) and that she purportedly acted as an agent for Fremont. (Amend. Compl, ¶¶ 11, 28). Plaintiff further alleges that Dunn had a duty to disclose to plaintiff certain material facts concerning the properties and failed to do so. (*Id.*, ¶¶ 36, 47, 48, 50, 51, 57, 58). Dunn's failure to disclose allegedly caused injury to plaintiff. (*Id.*, ¶¶ 63, 76). The amended complaint also alleges that Fremont is vicariously liable for the negligence of its agents. (*Id.*, ¶ 75).

While these allegations may adequately state a claim of negligence by Dunn, it is less clear that they adequately allege that Dunn was acting as an agent for Fremont and therefore that Fremont is vicariously liable for Dunn's alleged negligence. The only allegation of Dunn's agency is the

12

conclusory statement that "Dunn acted as . . . [an] agent[] of Fremont." *(Id.,* ¶ 11). None of the facts that can form the basis of an agency relationship are expressly alleged – namely, that the agent's negligent act was expressly authorized by the principal, that the agent's act was committed within the scope of the agent's employment and in furtherance of the principal's business, or that the agent's act was ratified by the principal. *E.g., E.E.O.C. v. Fed. Express,* 188 F. Supp. 2d at 610. The issue before the court, then, is whether adequate support for an agency relationship can reasonably be inferred from the allegations that are made. The court concludes that it cannot, pursuant to *Twombly. Cf. Roy v. Bd. of County Comm'rs Walton County, Fla.,* No. 3:06cv95/MCR/EMT, 2007 WL 3345352, at *8 (N.D. Fla. 9 Nov. 2007) (applying *Twombly,* court denied motion to dismiss where plaintiff provided specific factual support in the complaint for the allegation that one party was the agent of the other); *Azimut Inv. Ltd. v. Old Republic Nat. Title Ins. Co.,* No. 4:07-CV-111-RLV, 2007 WL 3091033, at *3 (N.D. Ga. 18 Oct. 2007) (same). It is therefore recommended that the negligence claim against Fremont be dismissed without prejudice.

### C.    Punitive Damages Claim (2d) *[Dismiss without prejudice]*

Plaintiff seeks punitive damages against Fremont in connection with her negligence claim against it.[12] (Amend. Compl., ¶ 77). The amended complaint alleges that "[b]ecause they [*i.e.,* Dunn, Fremont, and all the other defendants] acted in reckless and wanton disregard for the Plaintiff's rights and interest, Plaintiff is entitled to recover punitive damages" from them. *(Id.).*

---

[12] Plaintiff does not purport to assert a claim for punitive damages under UDTPA (the only other claim against Fremont recommended to remain) and, indeed, no such claim exists under that statute. *Pinehurst, Inc. v. O'Leary Bros. Realty, Inc.,* 79 N.C. App. 51, 62-63, 338 S.E.2d 918, 925, *rev. denied,* 316 N.C. 378, 342 S.E.2d 896 (1986). Rather, UDTPA provides for the award of treble damages. N.C. Gen. Stat. § 75-16.

To recover punitive damages, a claimant must prove that the aggravating factor of fraud, malice, or willful or wanton conduct was present and was related to the injury subject to the compensatory damages. N.C. Gen. Stat. § 1D-15(a). In addition, a claimant may not recover punitive damages from a corporation (or individual) based solely on vicarious liability. *See id.* § (c); *Miller v. B.H.B. Enters., Inc.*, 152 N.C. App. 532, 539, 568 S.E.2d 219, 225 (2002). Instead, a claimant must show that "the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." *Miller*, 152 N.C. App. at 539, 568 S.E.2d at 225 (*quoting* N.C. Gen. Stat. § 1D-15(c)).

Application of these principles shows that plaintiff's claim for punitive damages against Fremont is deficient. As discussed, plaintiff has not alleged any facts showing negligence by Fremont itself. Plaintiff therefore cannot recover punitive damages against Fremont based on any such liability. Plaintiff also cannot recover from Fremont based on the alleged "reckless and wanton" conduct by Dunn. (Amend. Compl., ¶ 77). As required for vicarious liability, there is neither an express allegation that the officers, directors, or managers of Fremont participated in or condoned such conduct, or allegations of fact showing such participation or condonation. Accordingly, plaintiff's claim for punitive damages against Fremont should be dismissed without prejudice.

### D.     UDTPA Claim (9th) *[Dismiss without prejudice]*

Plaintiff alleges that Fremont engaged in unfair and deceptive trade practices in violation of UDTPA. (*Id.*, ¶ 147). The claim appears to be for direct liability of Fremont and vicarious liability based on the conduct of Dunn.

14

To establish a claim for violation of UDTPA, plaintiff must show that defendant engaged in acts that were unfair and/or deceptive, the acts were in or affecting commerce, and the acts were the proximate cause of injury to plaintiff. N.C. Gen. Stat. § 75-1.1(a). Generally, an act is unfair "when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 263, 266 S.E.2d 610, 621 (1980) (overruled on other grounds). The acts alleged must be in some way egregious or aggravating to support a claim under UDTPA. *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 535 (4th Cir. 1989); *Allied Distribs. v. Latrobe Brewing Co.*, 847 F. Supp. 376, 379 (E.D.N.C. 1993). A principal can be held vicariously liable under UDTPA for the acts of its agents. *Baldine v. Furniture Comfort Corp.*, 956 F. Supp. 580, 587-88 (M.D.N.C. 1996); *White v. Consol. Planning, Inc.*, 166 N.C. App. 283, 296, 300, 603 S.E.2d 147, 157, 159 (2004). The same basic test for vicarious liability of a principal with respect to negligence applies to liability under UDTPA. *White*, 166 N.C. App. at 296, 603 S.E.2d at 159.

Applying these principles here, the court finds that plaintiff's UDPTA claim against Fremont also fails. The facts alleged outside the UDTPA claim that are incorporated into it by reference do not show any conduct by Fremont that could be characterized as violative of public policy or immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. The UDTPA claim itself includes in paragraph 140 a list of twenty-seven alleged unfair and deceptive trade practices, but there is no attribution of this conduct to specific defendants. Instead, this paragraph alleges that "[u]pon information and belief, the aforementioned Defendants [*i.e.*, all defendants] committed one or more of the following acts and omissions, in addition to their acts and omissions set forth in the preceding paragraphs." (Amend. Compl., ¶ 140). The court finds that this paragraph

15

is ineffective to give Fremont notice of what, if any, wrongdoing is being alleged against it. Therefore, the claim could survive only if Fremont were liable for the acts of Dunn, which may constitute unfair and deceptive trade practices. Again, plaintiff has not identified any factual basis for her conclusory allegation that Dunn was an agent of Fremont. It is accordingly recommended that plaintiff's UDTPA claim against Freemont be dismissed without prejudice.

## V. STANDRIDGES' MOTION (DE #62)

### A. Civil Conspiracy Claim (5th) *[Dismiss without prejudice]*

In her claim for civil conspiracy, plaintiff alleges that Jenkins, Pickard, Lowry, Narron, and Dunn conspired to commit unlawful acts, including defrauding plaintiff by providing her with misleading appraisals and inducing her to sign promissory notes and deeds of trust by making false representations and concealments. (Amend. Compl., ¶ 93). Plaintiff further alleges that Fremont, Homes by Greg Johnson, and the Spence law firm are vicariously liable for all acts committed by their agents. (*Id.*, ¶ 95). Plaintiff does not, however, assert allegations of fact against the Standridges in the conspiracy claim itself. She contends that this omission was inadvertent and that allegations incorporated by reference from other portions of the amended complaint state a conspiracy claim against the Standridges. However, she does not specify in the amended complaint the allegations upon which she relies, and it is not otherwise apparent which allegations those are.

North Carolina does not recognize an independent cause of action for civil conspiracy. *Anderson v. Derrick*, No. 1:06CV264, 2007 WL 1166041, at *9 (W.D.N.C. 12 Apr. 2007); *Fox v. Wilson*, 85 N.C. App. 292, 300, 354 S.E.2d 737, 743 (1987) (same). However, where there is an underlying claim for unlawful conduct, a plaintiff can assert an action for wrongful acts committed by persons pursuant to a conspiracy. *See Henderson v. LeBauer*, 101 N.C. App. 255, 260-61, 399

16

S.E.2d 142, 145, *disc. rev. denied*, 328 N.C. 731, 404 S.E.2d 868 (1991). This claim requires the showing of an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way that results in damages to the claimant. *Id.* at 260-61, 399 S.E.2d at 145.

Here, the court does not agree with plaintiff that she has adequately stated a claim for conspiracy against the Standridges. Perhaps the only express allegation of an agreement by the sellers states that "[t]he solicitors and sellers for the respective properties entered into agreements among themselves whereby JP Services agreed to ultimately pay the sellers a price much lower then [*sic*] the price that would be represented to the lenders on the offer and purchase contract with Plaintiff." (Amend. Compl., ¶ 35). Because "solicitors" is defined simply as "the principal actors," this allegation does not provide notice of particular individuals or entities with whom the Standridges allegedly entered into this agreement. In addition, most of the allegations dealing with the same subject matter state simply that the sellers knew or should have known certain things, but do not state that these matters comprised part of a conspiracy by them. *(Id.,* ¶ 36). Many of the facts asserted in these allegations could seemingly be associated with a lawful transaction, such as knowingly selling at a high price and having some type of commission deducted from the sales proceeds to a third party involved in the transaction. *(Id.).* The nature and scope of the agreement by the Standridges comprising any alleged conspiracy by them is therefore unclear. It is also unclear which acts the Standridges allegedly undertook in furtherance of the alleged conspiracy. Although the allegations of the amended complaint provide fodder for speculation about the conspiracy by the Standridges plaintiff has in mind, they do not provide the Standridges the fair notice of the conspiracy to which they are entitled.

17

Irrespective of this consideration, the recommended dismissal of the other claims against the Standridges invalidates the conspiracy claim because, as indicated, it cannot stand alone. The claim of civil conspiracy against the Standridges should therefore be dismissed without prejudice.

## B. Legal Malpractice Claim (8th) *[Dismiss without prejudice]*

In her claim for legal malpractice, plaintiff maintains that attorney Spence owed her a duty to represent her interests consistent with prevailing standards of care. (Amend. Compl.,¶ 124). Attorney Spence allegedly violated this duty and thereby committed malpractice by failing to explain and concealing from plaintiff facts about the purchases of the various properties. (*Id.*, ¶¶ 129-31). Plaintiff alleges that the Standridges are vicariously liable for Spence's alleged malpractice. (*Id.*, ¶ 134). In her opposition memorandum, plaintiff maintains that she has a factual basis for her allegation that the Standridges are liable, but no supporting facts were set out in the amended complaint (or in her memorandum). Moreover, plaintiff has failed to provide any authority for the proposition that non-attorneys, such as the Standridges, may be held liable for the malpractice of an attorney under the circumstances alleged. Nor is the court aware of any such authority. This claim should therefore be dismissed without prejudice.

## C. RICO Claim (10th) *[Dismiss without prejudice]*

Plaintiff alleges the existence of enterprises engaged in and affecting interstate commerce, whose activities have been conducted through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). (*Id.*, ¶ 156, 158). The alleged predicate offenses constituting the racketeering activity are mail fraud under 18 U.S.C. § 1341, wire fraud under 18 U.S.C. § 1343, and bank fraud under 18 U.S.C. § 1344. (*Id.*, ¶¶ 151-53, 157). All defendants are alleged to be involved in one manner or another with the unlawful conduct alleged. (*Id.*, ¶¶ 158, 159).

In order to state a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must plead: (1) conduct (2) of an enterprise (3) through a pattern of (4) racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). "Racketeering activity is defined by RICO as any act 'chargeable' under several generically described criminal laws, and any act 'indictable' under numerous federal criminal provisions, including mail and wire fraud." *Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787, 798 (D. Md. 1998) (*citing* 18 U.S.C.A.§ 1961(1)(A-B)). "[T]he Fourth Circuit is 'especially cautious' when it comes to comes to finding the existence of a pattern when the predicate acts involved in a RICO claim are mail and wire fraud." *Williams v. Equity Holding Corp.*, 245 F.R.D. 240, 243 (E.D.Va. 2007) (*quoting Anderson v. Found. For Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998)). Moreover, "in order to survive a motion to dismiss a RICO claim, a 'plaintiff must plead [the] circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b).'" *Id.* (*quoting Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir.1989)).

Plaintiff's RICO claim against the Standridges falls far short of meeting these pleading requirements. For example, the enterprises to which the RICO claims relate are nowhere defined. Moreover, the alleged participants in the purported misconduct shift between Narron, Jenkins, Lowry, Dunn, and Pickard (*id.*, ¶¶ 151, 153, 157, 158), and all defendants (*id.*, ¶¶ 152, 155, 158, 159). It is not reasonably possible to determine what precisely the Standridges allegedly did or the related circumstances. *See Myers v. Finkle*, 950 F.2d 165, 169 (4th Cir. 1991) (court dismissed RICO claim on 12(b)(6) motion where plaintiff failed to allege the elements of RICO cause of action); *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 500 (D. Md. 2007) (two victims did not state a RICO claim where any allegations of what defendants may or may not have done to others in the

19

past or disposed to do in the future was a matter of speculation); *Walker v. Windstream Commc'ns, Inc.*, No. 1:07cv00099, 2007 WL 4180721, at \*4 (M.D.N.C. 21 Nov. 2007) (applying *Twombly*, court dismissed plaintiff's RICO claim for failure to allege the necessary elements with any specificity). Accordingly, it is recommended that the RICO claim asserted against the Standridges be dismissed without prejudice.

## D. Negligence Per Se Claim (1st) *[Dismiss without prejudice]*

Plaintiff alleges that the Standridges were negligent per se for violating RICO, 18 U.S.C. § 1962; the Bank Bribery Act, 18 U.S.C. § 215; and RESPA, 12 U.S.C. §§ 2603, 2607. (Amend. Compl., ¶ 66). To state a negligence per se claim, a plaintiff must allege that a statute or ordinance designed for protection of the public was violated by defendant and that its violation constitutes negligence per se. *Spurlock v. Alexander*, 121 N.C. App. 668, 671, 468 S.E.2d 499, 501 (1996) *(citing Jackson v. Housing Authority of High Point*, 73 N.C. App. 363, 368, 326 S.E.2d 295, 298 (1985), *aff'd*, 316 N.C. 259, 341 S.E.2d 523 (1986)); *Hart v. Ivey*, 102 N.C. App. 583, 589, 403 S.E.2d 914, 919 (1991) ("It is well-settled law in this jurisdiction, that when a statute imposes upon a person a specific duty for the protection of others, that a violation of such statute is negligence per se.") *(citing Lutz Indus., Inc. v. Dixie Home Stores*, 242 N.C. 332, 341, 88 S.E.2d 333, 339 (1955)). "Under this doctrine, a 'member of the class intended to be protected by a statute or regulation who suffers harm proximately caused by its violation has a claim against the violator.'" *Spurlock*, 121 N.C. App. at 671, 468 S.E.2d at 501 *(quoting Baldwin v. GTE South, Inc.*, 335 N.C. 544, 546, 439 S.E.2d 108, 109 (1994)).

Here, plaintiff has not provided any authorities conclusively holding that RICO, the Bank Bribery Act, or RESPA qualify as public safety statutes which may form the basis for a negligence

20

per se claim. Nor has the court identified any such authorities. The court need not resolve that issue, however, because plaintiff has not alleged facts which, if deemed true, adequately show that the Standridges have violated the aforementioned statutes.

The court has already reviewed the fatal deficiencies with the RICO allegations asserted against the Standridges. As to the Bank Bribery Act, this law makes it a crime, as its title suggests, to make bribes to specified persons working with certain financial institutions in connection with any business or transaction of such institution. 18 U.S.C. § 215(1). Another section prohibits the acceptance of such bribes. *Id.* § (2). The amended complaint cannot fairly be read to allege the giving or receipt of such bribes by the Standridges.

Similarly, plaintiff has not clearly stated facts which demonstrate that the Standridges violated any obligations under 12 U.S.C. § 2603 in the preparation of a uniform settlement statement in connection with the sale of their three properties. The allegations in this RESPA claim itself are conclusory: they group the Standridges with numerous other defendants and allege acts of misconduct collectively (Amend. Compl., ¶ 167). Nor are there other allegations in the amended complaint which set out sufficient facts to establish violation of this RESPA provision by the Standridges as property sellers.

The other RESPA provision, 12 U.S.C. § 2607, provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." Here, again, the allegations in this claim are conclusory. (Amend. Compl., ¶ 161). Plaintiff leaves it up to the Standridges and the court to figure out to which other more specific allegations she may be alluding. Plaintiff has left

21

it unclear precisely what business was wrongfully referred, the particular real estate settlement service involved, and the particular fee at issue (although the amounts paid the solicitors and/or JP Services appear to be the most likely possibility). Accordingly, it is recommended that plaintiff's claim for negligence per se against the Standridges be dismissed without prejudice.

### E.    Negligence Claim (2d) *[Dismiss without prejudice]*

The allegations in the statement of the negligence claim itself are similarly conclusory. (Amend. Compl., ¶¶ 73, 74). Among the more specific allegations of fact incorporated from elsewhere are that the sellers knew or should have known that the properties were worth less than the contract price and that the actual price the sellers would receive was less than the amount plaintiff borrowed and paid. (*Id.*, ¶ 36). In addition, the sellers allegedly knew or should have known that a substantial portion of the proceeds were being used to pay fees which plaintiff characterizes as illegal. (*Id.*, ¶ 47).

The Standridges argue that there is no allegation that they owed any type of duty to plaintiff or that they committed any breach of such a duty. The court agrees that the negligence claim is deficient. As noted above, to state a claim for negligence, a plaintiff must allege specific facts which show that defendant owed a duty of care to plaintiff, defendant breached that duty, and the breach by defendant was the proximate cause of an injury to plaintiff. *See Harrison*, 177 N.C. App. at 120, 627 S.E. 2d at 676. In general, the relationship between seller and buyer is one of naturally conflicting interests, and the degree to which a seller must ordinarily protect interests of the buyer is limited. *See, e.g., Goff v. Frank A. Ward Realty & Ins. Co.*, 21 N.C. App. 25, 29, 203 S.E. 2d 65, 68, *cert. denied*, 285 N.C. 373 (1974). While plaintiff's allegations may establish that other defendants had obligations to plaintiff, such as to disclose certain information to her, that they

22

violated, plaintiff simply has not set out sufficient allegations of fact with respect to the Standridges which, if deemed true, would establish that they, in particular, had duties to plaintiff that they violated. Plaintiff has provided no legal authority supporting her contention that allegations such as those here are sufficient to state a claim under the circumstances presented. It is therefore recommended that the motion to dismiss the negligence claim be granted without prejudice.

### F.     Fraud Claim (3rd) *[Dismiss without prejudice]*

Plaintiff alleges broadly that the Standridges "committed and conspired to commit, assisted in, rewarded and were rewarded for committing the actual fraud and are therefore directly and vicariously liable to Plaintiff for the fraud." (Amend. Compl., ¶ 80). Among the specific allegations incorporated from elsewhere are that the sellers failed to disclose to plaintiff the purportedly illegal payments to JP Services and that the sellers concealed from her the true value of the homes they sold and the true selling prices. *(Id.*, ¶¶ 42, 47, 57).

Rule 9(b) imposes a heightened pleading standard for fraud claims, requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To make out an actionable case of fraudulent concealment or fraud by omission in North Carolina, the plaintiff must allege the following "with reasonable particularity: (1) the relationship or situation giving rise to the duty to speak, (2) the event or events triggering the duty to speak and/or the general time period over which the relationship arose and the fraudulent conduct occurred, (3) the general content of the information that was withheld and the reason for its materiality, (4) the identity of those under a duty who failed to make such disclosures, (5) what those defendant(s) gained by withholding information, (6) why plaintiff's reliance on the omission was both reasonable and detrimental, and (7) the damages proximately flowing from such

23

reliance." *Mikels v. Unique Tool & Mfg. Co.*, 5:06CV32, 2007 WL 4284727, at *14 (W.D.N.C. 3 December 2007) (*citing Breeden v. Richmond Comty. Coll.*, 171 F.R.D. 189, 195-96 (M.D.N.C. 1997)). In addition, where multiple defendants have been named, the plaintiff must identify the above information for *each* defendant. *Breeden*, 171 F.R.D. at 197 ("[W]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.") (*quoting Andrews v. Fitzgerald*, 823 F. Supp. 356, 373 (M.D.N.C. 1993)).

In light of the heightened pleading standard, the court finds that plaintiff has not sufficiently alleged a fraud claim against the Standridges. Plaintiff has alleged that the three properties sold by the Standridges were purchased without plaintiff's knowledge using forged and falsified loan and closing documents in plaintiff's name. (Amend. Compl., ¶¶ 27 d, e, and j). The particular circumstances relating to the alleged fraudulent conduct by the Standridges are not adequately set out. More basically, because plaintiff was wholly unaware of the representations made in the falsified documents, she has not adequately alleged that she relied to her detriment on any omission or misstatement by the Standridges. Plaintiff has not cited any North Carolina authorities recognizing a fraud action in such circumstances, and the court is not aware of any. Accordingly, plaintiff's fraud claim against the Standridges should be dismissed without prejudice.

### G. Constructive Fraud Claim (7th) *[Dismiss without prejudice]*

Plaintiff's cause of action for constructive fraud alleges that attorney Spence permitted his paralegal to handle all aspects of the closing process and did not disclose this fact to his clients, which include plaintiff. (*Id.*, ¶¶ 29, 114). Plaintiff claims that she was deceived by this omission and that the Standridges and others committed and conspired to commit, assisted in, rewarded and

24

were rewarded for the constructive fraud and are therefore directly and vicariously liable to plaintiff for such fraud. (*Id.*, ¶¶ 116, 118).

"A prima facie showing of constructive fraud requires plaintiff to prove that they and defendants were in a relation of trust and confidence . . . [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." *Wilkins v. Safran*, 649 S.E.2d 658, 662 (N.C. App. 2007) (*citing Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 666, 488 S.E.2d 215, 224 (1997)). Here, plaintiff has not alleged that she and the Standridges were in a relation of trust and confidence. Indeed, the Standridges and plaintiff were on the opposite sides of a real estate sale. Nor has plaintiff alleged how or why attorney Spence was an agent of the Standridges such that they should be held liable for his acts. Accordingly, plaintiff's claim for constructive fraud against the Standridges should be dismissed without prejudice.

## H.   Negligent Misrepresentation Claim (6th) *[Dismiss without prejudice]*

Plaintiff alleges that the Standridges made representations and communicated false information about the fair market value of the property and closing documents, amounting to negligent misrepresentation. (Amend. Compl., ¶¶ 99, 108). The Standridges argue that plaintiff does not allege that they communicated with plaintiff, what false information was communicated, or that plaintiff justifiably relied upon such information.

The tort of negligent misrepresentation occurs when in the course of a business or other transaction in which an individual has a pecuniary interest, the individual supplies false information for the guidance of others, without exercising reasonable care in obtaining or communicating the information. *Fulton v. Vickery*, 73 N.C. App. 382, 388, 326 S.E.2d 354, 358, *disc. rev. denied,* 313

25

N.C. 599, 332 S.E.2d 178 (1985). Omissions generally cannot form the basis for a claim of negligent misrepresentation. *Breeden*, 171 F.R.D. at 202-03. Since a negligent misrepresentation claim does not require an essential showing of fraud, the heightened pleading requirements of Rule 9(b) do not apply. *Baltimore Co. v. Cigna Healthcare*, 238 Fed. Appx. 914, 921, 2007 WL 1655461, at *6 (4th Cir. 5 June 2007).

Even in the absence of the heightened pleading requirements, this claim fails. Similar to the fraud claim, because the three properties sold by the Standridges were allegedly purchased without plaintiff's knowledge, plaintiff has not adequately alleged that the Standridges made representations to plaintiff upon which she relied. As indicated, the failure to disclose is not legally adequate. It is therefore recommended that this claim be dismissed without prejudice.

### I.     UDTPA Claim (9th) *[Dismiss without prejudice]*

Plaintiff's statement of her UDTPA claim combines formulaic allegations reciting the elements of the cause of action (Amend. Compl., ¶¶ 139, 141, 142) with the lengthy and ineffective collective listing of alleged unfair and deceptive acts discussed with respect to Fremont (*id.*, ¶ 140) and unspecified allegations from elsewhere in the amended complaint (*id.*, ¶ 138). As noted, to establish a claim for violation of UDTPA, plaintiff must show that defendant engaged in acts that were unfair and/or deceptive, the acts were in or affecting commerce, and the acts were the proximate cause of injury to plaintiff. N.C. Gen. Stat. § 75-1.1(a). Plaintiff has not alleged facts showing any conduct by the Standridges that violated any duty they owed to plaintiff and, accordingly, such conduct does not constitute an unfair or deceptive trade practice. As a result, the court finds that plaintiff's allegations under UDTPA do not adequately state a claim against the

26

Standridges. The motion to dismiss this claim as to the Standridges should therefore be granted without prejudice.

## J.    Breach of Fiduciary Duty (4th) *[Dismiss without prejudice]*

Plaintiff's breach of fiduciary duty claim alleges that attorney Spence, Dunn, Narron, and Taylor breached their fiduciary duties to plaintiff. (Amend. Compl., ¶ 86). She further alleges in conclusory fashion that the Standridges and others conspired to commit, assisted in committing, and were rewarded for the breaches of fiduciary duty and accordingly are vicariously and directly liable to plaintiff for such breach. (*Id.*, ¶ 87).

"For a breach of fiduciary duty to exist, there must first be a fiduciary relationship between the parties." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001) (*citing Curl v. Key*, 311 N.C. 259, 264, 316 S.E.2d 272, 275 (1984)). A fiduciary relationship is one in which "'there has been a special confidence reposed . . . on one side, and resulting domination and influence on the other." *Id.* at 651-52, 548 S.E.2d at 707-08 (*quoting Abbitt v. Gregory*, 201 N.C. 577, 598, 160 S.E. 896, 906 (1931)).

Here, plaintiff has not alleged facts showing that she had the requisite fiduciary relationship with the Standridges. Again, the Standridges and plaintiff were on opposite sides of a real estate sale. Moreover, plaintiff has not adequately alleged facts which would establish how the Standridges could be held vicariously liable for the breaches of fiduciary duty by the individuals identified as directly liable. Accordingly, the court recommends that plaintiff's breach of fiduciary duty claim against the Standridges be dismissed without prejudice.

27

## K. Punitive Damages Claims (2d) *[Dismiss Without Prejudice]*

As indicated, to recover punitive damages, a claimant must prove that the aggravating factor of fraud, malice, or willful or wanton conduct was present and was related to the injury subject to the compensatory damages. *See* N.C. Gen. Stat. § 1D-15(a). Because the court finds that plaintiff has not adequately pled any of her underlying claims against the Standridges, the court necessarily believes that plaintiff has not adequately stated a claim for punitive damages against them either. It is therefore recommended that this portion of the Standridges' motion be granted without prejudice.

## VI. ATTORNEY SPENCE AND SPENCE LAW FIRM'S MOTION (DE #74)

### A. All Claims (for Lack of Subject Matter Jurisdiction) *[Deny dismissal under Rule 12(b)(1)]*

Attorney Spence and the Spence law firm seek dismissal of all the claims in the amended complaint pursuant to Rule 12(b)(1) on the principal grounds that plaintiff has failed to plead facts and damages fairly attributable to defendants which could conceivably give rise to the minimum amount in controversy required for diversity jurisdiction – namely, a sum or value in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The contention assumes that the claims within the court's federal question jurisdiction under 28 U.S.C. § 1331 are subject to dismissal.

Where the amount in controversy is challenged, the court should look to the face of the complaint to determine whether to a legal certainty plaintiff's claims do not reach the required amount. *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). Unless it is plain that an amount less than the jurisdictional amount is at issue or the claim is for an amount over the jurisdictional prerequisite but made in bad faith, the court has jurisdiction over the case. *Id.*; *see also Snyder v.*

28

*Phelps*, No. RDB-06-1389, 2007 WL 3071412, at *5 (D. Md. 5 June 2007) (*quoting Shanaghan*, 58

F.3d at 112 ); *CSX Transp., Inc. v. Gilkison*, No. 5:05CV202, 2007 WL 601491, at *2 (N.D. W.Va.

22 Feb. 2007) ("The general rule governing dismissal for want of jurisdiction in Federal cases is that

'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'") (*citing*

*St. Paul Mercury Indem. Co. v. Redcap Co.*, 303 U.S. 283, 288-89 (1938)). If an event subsequent

to the complaint reduces the amount in controversy, the court must then determine whether to retain

jurisdiction over the remainder of the case. *Shanaghan*, 58 F.3d at 112.

     Here, the face of the amended complaint does not reveal to a legal certainty that plaintiff's

claims do not exceed $75,000 in value. Indeed, plaintiff has expressly alleged as part of each of her

state law claims that the losses incurred were greater than that amount. (Amend. Compl., ¶¶ 76, 90,

110, 120, 136, 147). She also claims punitive damages in excess $75,000 with respect to each of

her non-statutory state law claims (*id.*, ¶¶ 77, 91, 111, 122, 137, 148) and treble damages on her

UDTPA claim (*id.*, ¶ 148). Alleged specific damages include loss of her good credit, foreclosures

on properties she bought, and the cost of properties bought in her name without her knowledge. (*Id.*,

p. 2, ¶ 26). There is no evidence that plaintiff's damages claims were made in bad faith. The court

therefore believes that the jurisdictional amount requirement is met. *See CSX Transp.*, 2007 WL

601491 at *2 ("It must appear to a legal certainty that the claim is really for less than the

jurisdictional amount to dismiss it.").

     The Spence defendants also contend that the court lacks subject matter jurisdiction because

plaintiff has not adequately shown that she has suffered injury and that she therefore lacks standing.

"To meet the constitutional minimum for standing, '[a] plaintiff must allege personal injury fairly

traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested

29

relief.'" *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000) (*quoting Allen v. Wright*, 468 U.S. 737, 751(1984)). The court finds that plaintiff has clearly alleged that she suffered personal injury fairly traceable to the unlawful actions by the Spence defendants, as alleged in the claims not recommended for dismissal, for which she has adequate redress in this court. Plaintiff's standing is also apparent based on the alleged actions of other defendants. This second and final ground for lack of jurisdiction being without merit, it is recommended that the Spence defendants' motion pursuant to Rule 12(b)(1) be denied.

## B.    UDTPA Claim (9th) *[Dismiss with prejudice]*

Plaintiff includes the Spence defendants in her UDTPA claim, but it fails under the learned profession exemption under UDTPA. (Amend. Compl., *e.g.*, ¶¶ 139, 141, 144, 145). Specifically, to establish a claim for violation of UDTPA, a plaintiff must allege, among other things, that the purported unfair and deceptive trade practices were in or affecting commerce. N.C. Gen. Stat. § 75-1.1(a). Commerce is defined under the statute as "all business activities however denominated, but does not include professional services rendered by a member of the learned profession." *Id.* (b). In order for the "learned profession" exemption to apply, the person or entity performing the alleged act must be a member of a learned profession and the conduct in question must be the rendering of professional services. *Godfredson v. JBC Legal Group, P.C.*, 387 F. Supp. 2d 543, 548 (E.D.N.C. 2005) (court dismissed plaintiff's UDTPA claim on 12(b)(6) motion where claims against attorneys arose from debt collection practices of law firm).

Here, attorney Spence and the Spence law firm do qualify as members of a learned profession under the statute. (*See* Amend. Compl., ¶¶ 12, 13, 29); *Reid v. Ayers*, 138 N.C. App. 261, 266, 531 S.E.2d 231, 235 (2000) (defendant law firms and its attorneys entitled to benefit of learned

30

profession exemption). Second, the conduct alleged does directly involve the rendering of professional services. (Amend. Compl., ¶ 29). Accordingly, plaintiff's claims arising under UDTPA against attorney Spence and the Spence law firm should be dismissed with prejudice.

## C. Civil Conspiracy Claim (5th) *[Dismiss without prejudice as to attorney Spence; deny dismissal as to the Spence law firm]*

Plaintiff's claim for civil conspiracy alleges that Jenkins, Pickard, Lory, Narron, and Dunn conspired to commit unlawful acts and that the Spence law firm, among others, is vicariously liable for all acts committed by their agents. (*Id.*, ¶¶ 93, 95). Plaintiff does not mention attorney Spence in the count setting out her conspiracy claim, but relies on unspecified allegations incorporated from elsewhere in the amended complaint.

The court does not agree that there are allegations of fact in the amended complaint that adequately state a conspiracy claim against attorney Spence. It is therefore recommended that the claim against attorney Spence be dismissed without prejudice.

In their memorandum, the Spence defendants do not dispute that plaintiff's conspiracy allegations are sufficient to state a claim against the Spence law firm. Accordingly, the court finds that plaintiff has adequately stated a civil conspiracy claim against the Spence law firm. It is therefore recommended that this portion of the Spence defendants' motion be denied.

## D. Fraud Claim (3rd) *[Dismiss without prejudice]*

Plaintiff alleges that attorney Spence and the Spence law firm committed and conspired to commit, assisted in, rewarded, and were rewarded for committing actual fraud. (*Id.*, ¶ 80). In addition, plaintiff alleges that the Spence law firm is vicariously liable for the fraud of its agents. (*Id.*, ¶ 81).

31

Attorney Spence and the Spence law firm both argue that plaintiff fails to identify, with the requisite particularity, the facts forming the basis of the fraud claim against them. The court agrees. The facts are not stated in the fraud claim itself, and the court does not believe that a claim meeting the requisite requirements can be cobbled together from the allegations scattered through other portions of the amended complaint. As indicated, it is not in any event the proper role of the court to compose for plaintiff a claim she herself has not clearly stated. It is accordingly recommended that plaintiff's fraud claim against attorney Spence and the Spence law firm be dismissed without prejudice.

### E.    RICO Claim (10th) *[Dismiss without prejudice]*

As with the fraud claim, attorney Spence and the Spence law firm argue that plaintiff has failed to state the elements of the claim with the requisite particularity. Plaintiff has not directly responded to this argument in her opposition memorandum but, again, the court agrees with the movants. The same types of deficiencies discussed with respect to the Standridges – failure to identify the RICO enterprises alleged, lack of clarity over what the particular defendants supposedly did, and lack of specification of the attendant circumstances – apply to the RICO claim against the Spence defendants. It is therefore recommended that plaintiff's RICO claim against attorney Spence and the Spence law firm be dismissed without prejudice.

### F.    Constructive Fraud (7th), Breach of Fiduciary Duty (4th), Negligence (2d), Negligent Misrepresentation (6th), and Legal Malpractice (8th) Claims *[Deny dismissal]*

Plaintiff's claim for constructive fraud alleges that attorney Spence permitted his paralegal to handle all aspects of the closing process and did not disclose this fact to his clients, which included plaintiff. (*Id.*, ¶¶ 29, 114). Plaintiff alleges that she was deceived by this omission because

32

she did not know that an attorney was not representing her in the transactions. (*Id.*, ¶ 116). She also incorporates by reference allegations of other omissions by attorney Spence. (*Id.*, ¶¶ 36, 47, 57). Plaintiff further alleges that the Spence law firm is vicariously liable for the constructive fraud of its agents, which includes alleged wrongdoing by Narron. (*Id.*, ¶¶ 50, 51, 119).

As noted above, "[a] prima facie showing of constructive fraud requires plaintiff to prove that they and defendants were in a relation of trust and confidence . . . [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." *Wilkins,* 649 S.E.2d at 662 (*citing Barger v. McCoy Hillard & Parks,* 346 N.C. 650, 666, 488 S.E.2d 215, 224 (1997)). Here, plaintiff has sufficiently alleged that she had an attorney-client relationship with attorney Spence and the Spence law firm, and that these defendants took advantage of that position to plaintiff's detriment. Accordingly, the court believes that plaintiff has stated a claim for constructive fraud against attorney Spence and the Spence law firm. The motion by these defendants seeking dismissal of this claim should therefore be denied.

For the same reasons, plaintiff's claims for breach of fiduciary duty, negligence, negligent misrepresentation, and legal malpractice are also validly pleaded.[13] An attorney representing a client impliedly represents that "(1) he or she possesses the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated ordinarily possess; (2) he will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he will exercise reasonable and ordinary care and diligence in the use of his skill and in the

---

[13] While a breach of fiduciary duty claim is a species of a negligence or professional malpractice claim, *see Wilkins,* 649 S.E.2d at 662-63, and plaintiff may not be able to recover on each claim independently, this does not require dismissal of any of the claims at this stage of the proceedings.

application of his knowledge to his client's cause." *Hodges v. Carter*, 239 N.C. 517, 80 S.E.2d 144 (1954). In this case, plaintiff has adequately alleged that attorney Spence and the Spence law firm did not exercise the requisite care to ensure that her interests were being protected. Indeed, plaintiff has alleged that attorney Spence and/or employees of the Spence law firm intentionally misled her and/or sought to cause plaintiff harm for their own benefit or the benefit of others. (Amend. Compl., ¶¶ 36, 47, 57). In addition, plaintiff has adequately alleged that Narron, as an employee of the Spence law firm, was an agent for the Spence law firm for whose actions it may ultimately be held liable. (*Id.*, ¶¶ 8, 50, 51); *e.g.*, *E.E.O.C. v. Federal Express Corp.*, 188 F. Supp. 2d at 610. Accordingly, it is recommended that attorney Spence and the Spence law firm's motion for dismissal of plaintiff's claims for breach of fiduciary duty, negligence, negligent misrepresentation, and legal malpractice be denied.

### G.     Negligence Per Se *[Dismiss without prejudice]*

Plaintiff alleges that attorney Spence, the Spence law firm, Narron, Pickard, Jenkins, Lowry, and Dunn are negligent per se because their conduct violates "one or more" of the following statutes dealing with the subject matter indicated: (1) § 10A-12(b)(c)(d) and (g) (the Notary Public Act); (2) § 14-100 (obtaining property by false pretenses); (3) § 14-113.20-22 (financial identity fraud); (4) § 14-119-20 (forgery of notes and uttering forged notes); (5) § 45A-4 (duty of settlement agents, lender, purchaser, and seller pursuant to the good funds settlement act); (6) § 53-181 (information to be furnished to borrowers pursuant to the consumer finance act); (7) § 53-243.11 (prohibited activities pursuant to the Mortgage Lending Act); (8) § 84-4 (unauthorized practice of law); (9) § 84-13 (liability for fraudulent practice by attorneys); and (10) § 93A-1 (license requirements for real estate brokers and salespersons). (Amend. Compl. ¶ 65). The claim is inadequate.

34

Grouping attorney Spence and the Spence law firm with five other defendants and alleging that they have violated one or more of ten listed statutes does not provide the Spence defendants basic notice of the statutes they have allegedly violated or how they violated them. Moreover, plaintiff has not submitted any authorities holding that any of the statutes listed constitutes a safety statute upon which a claim of negligence per se may be based. Accordingly, it is recommended that this claim be dismissed without prejudice.

## H.  Punitive Damages *[Deny dismissal]*

As indicated, to recover punitive damages, a claimant must prove that the aggravating factor of fraud, malice, or willful or wanton conduct was present and was related to the injury subject to the compensatory damages. Because the court finds that plaintiff has adequately stated a claim for constructive fraud, breach of fiduciary duty, negligence, negligent misrepresentation, and legal malpractice against attorney Spence and the Spence law firm and has made adequate allegations that the conduct alleged was willful and wanton (*see* Amend. Compl., *e.g.*, ¶¶ 36, 50, 77, 91, 111, 122, 137), the court believes that plaintiff has adequately stated a claim for punitive damages against attorney Spence and the Spence law firm. It is therefore recommended that this portion of the Spence defendants' motion be denied.

## CONCLUSION

IT IS RECOMMENDED that both of plaintiff's RESPA claims as to all defendants included in such claims (*i.e.*, all except Fremont) be dismissed pursuant to Fed. R. Civ. P. 41(a)(2) with prejudice, provided that plaintiff may allege and prove violations of RESPA for purposes of her negligence per se claim to the extent that it remains in the case.

35

IT IS FURTHER RECOMMENDED that, as to the remaining claims, the motions to dismiss be resolved as follows:

1.    Fremont's motion to dismiss (DE #52) be GRANTED as follows:

a. Plaintiff's claims against Fremont for negligence per se, fraud, breach of fiduciary duty, civil conspiracy, negligent misrepresentation, constructive fraud, legal malpractice/breach of standard of care, and RICO violations be dismissed pursuant to Fed. R. Civ. P. 41(a)(2) with prejudice;

b. The remaining claims, for negligence, punitive damages (based on the negligence claim), and UDTPA violations, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice;

2.    The Standridges' motion to dismiss (DE #62) be GRANTED and all claims against the Standridges be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice;

3.    The Spence defendants' motion to dismiss (DE #74) be GRANTED in part and DENIED in part as follows:

a. The motion to dismiss under Fed. R. Civ. P. 12(b)(1) be denied;

b.  Plaintiff's claim against the Spence defendants for UDTPA violations be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice;

c. The claims for negligence per se, fraud, civil conspiracy as to attorney Spence, and RICO violations be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice;

d. The remaining claims, for negligence, breach of fiduciary duty, civil conspiracy as to the Spence law firm, negligent misrepresentation, constructive fraud, legal malpractice/breach of standard of care, and punitive damages based on the other claims listed in this subparagraph, not be dismissed; and

36

e. The Spence defendants' alternative motions for a more definite statement and to strike pursuant to Rules 12(e) and 12(f), respectively, be denied as moot.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 22 January 2008 (*i.e.*, ten business days) to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

IT IS FURTHER ORDERED that, if no objections to this Memorandum and Recommendation are filed, any motion by plaintiff to further amend the amended complaint shall be filed on or before 5 February 2008 (*i.e.*, ten business days from 22 January 2008) and that, if objections are filed, any motion by plaintiff to further amend the amended complaint shall be filed within ten business days after entry of the order resolving the objections, unless the order provides otherwise.

This the 7th day of January, 2008.

James E. Gates
United States Magistrate Judge

37

## RECOMMENDATIONS ON MOTIONS TO DISMISS

(Recommended actions are under Fed. R. Civ. P. 12(b)(6) unless otherwise indicated)

| Claim | Fremont Motion (DE #52) | Standridge Motion (DE #62) | Spence Motion (DE #74) |
|---|---|---|---|
| **1. Negligence per se** (¶¶ 64-71) | Dismiss with prej. per Rule 41(a)(2) | Dismiss without prejudice | Dismiss without prejudice |
| **2. Negligence** (¶¶ 72-77) | Dismiss without prejudice | Dismiss without prejudice | DENY dismissal |
| **3. Fraud** (¶¶ 78-83) | Dismiss with prej. per Rule 41(a)(2) | Dismiss without prejudice | Dismiss without prejudice |
| **4. Breach of Fid. Duty** (¶¶ 84-91) | Dismiss with prej. per Rule 41(a)(2) | Dismiss without prejudice | DENY dismissal |
| **5. Civil Conspiracy** (¶¶ 92-97) | Dismiss with prej. per Rule 41(a)(2) | Dismiss without prejudice | Dismiss w/o prej. re atty. Spence; DENY dismissal re Spence law firm |
| **6. Negligent Misrepresentation** (¶¶ 98-111) | Dismiss with prej. per Rule 41(a)(2) | Dismiss without prejudice | DENY dismissal |
| **7. Constructive Fraud** (¶¶ 112-122) | Dismiss with prej. per Rule 41(a)(2) | Dismiss without prejudice | DENY dismissal |
| **8. Legal Malpractice/ Breach of Standard of Care** (¶¶ 123-137) | Dismiss with prej. per Rule 41(a)(2) | Dismiss without prejudice | DENY dismissal |
| **9. UDTPA** (¶¶ 138-149) | Dismiss without prejudice | Dismiss without prejudice | Dismiss with prejudice |
| **10. RICO** (¶¶ 150-159) | Dismiss with prej. per Rule 41(a)(2) | Dismiss without prejudice | Dismiss without prejudice |
| **11. RESPA– Kickbacks** (¶¶ 160-165) | Not included in claim | Dismiss as to all defendants included in claim pursuant to Rule 41(a)(2) with prejudice | |
| **12. RESPA– Settlement Stment.** (¶¶ 166-171) | Not included in claim | Dismiss as to all defendants included in claim pursuant to Rule 41(a)(2) with prejudice | |
| **Punitive Damages** | Dismiss without prejudice | Dismiss without prejudice | DENY dismissal |