IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-33-D

| | | |
|---|---|---|
| DAWN J. HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SPENCE & SPENCE, P.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Dawn Higgins ("plaintiff") commenced this action on January 30, 2007, against fifteen individual and organizational defendants, including attorney Robert A. Spence, Jr. ("attorney Spence") and his law firm, Spence & Spence, P.A. ("Spence law firm") (collectively, "the Spence defendants"), alleging "mortgage fraud." See Am. Compl. ¶ 2. On May 25, 2007, the Spence defendants moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Spence defendants also filed alternative motions for a more definite statement and to strike. See Fed. R. Civ. P. 12(e), (f). On July 9, 2007, plaintiff responded in opposition. The court referred the Spence defendants' motions to Magistrate Judge Gates for disposition pursuant to 28 U.S.C. § 636(b)(1). On January 7, 2008, Judge Gates issued a Memorandum and Recommendation ("M&R") recommending that the Spence defendants' motions be granted in part and denied in part. On February 5, 2008, plaintiff dismissed (without prejudice) those claims that Judge Gates recommended dismissing. The Spence defendants filed objections to part of the M&R, and plaintiff responded. As explained below, the court sustains in part and overrules in part the Spence defendants' objections to the M&R, affirms that the Spence defendants'

motion to dismiss the amended complaint be granted in part and denied in part, and affirms that the Spence defendants' remaining motions be denied as moot.

I.

Plaintiff seeks damages resulting from the alleged acts of the Spence defendants, their alleged co-conspirators, and other agents in relation to ten real estate closings in Johnston County, North Carolina. See generally Am. Compl. Plaintiff alleges that in 2003 defendant Spencer Jenkins, doing business as JP Services or JP Services, Inc., his employee Mark Lowry, and other "solicitors" solicited her to purchase real property in Johnston County. Id. ¶¶ 3, 4, 20. Plaintiff traveled to North Carolina to meet with the solicitors and look at potential investment properties. Id. ¶ 22. The solicitors allegedly made numerous false representations to plaintiff concerning the investment properties, which induced her to provide personal financial information to the solicitors. Id. ¶¶ 22–25. According to the amended complaint, the solicitors wrongfully used plaintiff's personal information, along with forged powers of attorney, to purchase ten homes in plaintiff's name, five of which without her knowledge. Id. ¶¶ 26–27.

The Spence law firm, including attorney Spence and defendant paralegal Patsy L. Narron ("Narron"), represented plaintiff at the closings on all ten homes. See id. ¶ 29. Plaintiff alleges that Spence law firm employees entered into a conspiracy with one or more of the other named defendants, whereby they falsified settlement documents and misstated the purchase prices of the homes. See id. ¶¶ 50–51, 62. Plaintiff alleges that the Spence defendants caused or contributed to plaintiff's injury, either with knowledge of the scam or through gross negligence, to wit: ongoing misuse of the Spence law firm's office, name, and trust account; submission of settlement statements containing false information; attorney Spence's negligent supervision of paralegal Narron and other employees; concealment of material facts from plaintiff; and failure to correct wrongful acts of

Spence law firm employees. See id. ¶¶ 36, 38, 48, 57–59, 125–26.

Plaintiff asserts twelve causes of action against the Spence defendants: (1) negligence per se; (2) negligence; (3) fraud; (4) breach of fiduciary duty; (5) civil conspiracy; (6) negligent misrepresentation; (7) constructive fraud; (8) legal malpractice/breach of standard of care; (9) violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1; (10) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (11) violation of the Real Estate Settlement Procedures Act ("RESPA"), 27 U.S.C. § 2607, for receipt of illegal kickbacks; and (12) violation of RESPA, 27 U.S.C. § 2603, for execution of false settlement statements. In conjunction with the eight non-statutory claims, plaintiff seeks punitive damages. See id. ¶¶ 71, 77, 83, 91, 97, 111, 122, 137. Each claim incorporates by reference all other allegations in the amended complaint. See id. ¶¶ 64, 72, 78, 84, 92, 98, 112, 123, 138, 150, 160, 166.

On May 25, 2007, the Spence defendants moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). The Spence defendants also filed alternative motions for a more definite statement and to strike. See Fed. R. Civ. P. 12(e), (f). The court referred the Spence defendants' motions to Magistrate Judge Gates, and on January 7, 2008, Judge Gates issued an M&R recommending that the Spence defendants' motions be granted in part and denied in part. Specifically, the M&R recommends that all claims against the Spence defendants be dismissed, except those for negligence, breach of fiduciary duty, civil conspiracy (as to the Spence law firm only), negligent misrepresentation, constructive fraud, legal malpractice, and punitive damages. See M&R 9 & table (summarizing recommendations on motions to dismiss). On February 5, 2008, plaintiff voluntarily dismissed (without prejudice) the following claims against the Spence defendants: negligence per se, fraud, violation of UDPTA, violation of RICO, and violation of the

3

kickback and settlement statement provisions of RESPA. Plaintiff also voluntarily dismissed the civil conspiracy claim against attorney Spence.

The Spence defendants make three objections to the M&R: (1) all remaining claims are barred by the statute of limitations; (2) plaintiff's claims of breach of fiduciary duty, civil conspiracy, negligent misrepresentation, and constructive fraud fail to meet Rule 9(b)'s heightened pleading requirement; and (3) all remaining claims fail to support a claim for punitive damages.

II.

"The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005)) (alteration in original & emphasis removed). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

As for the claims that plaintiff voluntarily dismissed on February 5, 2008, the court concludes that the Spence defendants' motion to dismiss those claims is moot. Accordingly, this court vacates the M&R's analysis of those claims (i.e., negligence per se, fraud, violation of UDPTA, violation of RICO, and violation of the kickback and settlement statement provisions of RESPA). See, e.g., United States v. Munsingwear, Inc., 340 U.S. 36, 39–40 (1950). The court reviews the Spence defendants' objections to the remainder of the M&R de novo. See, e.g., Diamond, 416 F.3d at 315.

A.

The Spence defendants first object to the M&R's failure to consider the applicable statute of limitations period with respect to plaintiff's remaining claims. See Objs. to M&R 3. The Spence

4

defendants argue that each remaining claim is subject to a statutory limitation period of three years, and "the only alleged fact in the pleading [i.e., the act of solicitation] that appears remotely relevant to what any defendant did or did not do with regard to this plaintiff . . . occurred outside the limitation period." Id. at 4.

"Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, see Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). While a court's analysis of a Rule 12(b)(6) motion to dismiss focuses on the sufficiency of the complaint, and not the presence of potential defenses, dismissal on the basis of an affirmative defense is appropriate "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." Id. "This principle only applies, however, if all facts necessary to the affirmative defense clearly appear on the face of the complaint." Id. (quotation omitted, alteration omitted, and emphasis removed). The court thus looks to the face of the amended complaint to determine if some fact clearly reveals that the statute of limitations bars plaintiff's claims against the Spence defendants. See id.; accord Jenkins v. Wilson, 113 N.C. App. 557, 558, 439 S.E.2d 244, 245 (1994) (applying identical Rule 12(b)(6) of the North Carolina Rules of Civil Procedure).

Each of plaintiff's remaining claims against the Spence defendants, with the possible exception of constructive fraud, is subject to a three-year statute of limitations.[1] Plaintiff's claims

---

[1] The following claims are subject to a three-year statute of limitations: negligence and legal malpractice (see N.C. Gen. Stat. §§ 1-15(c), -52(5); Schenkel & Schultz, Inc. v. Hermon F. Fox & Assocs., P.C., 180 N.C. App. 257, 261, 636 S.E.2d 835, 839 (2006)); breach of fiduciary duty (see Carlisle v. Keith, 169 N.C. App. 674, 682, 614 S.E.2d 542, 548 (2005)); and civil conspiracy and negligent misrepresentation (see N.C. Gen. Stat. § 1-52(5); Carlisle, 169 N.C. App. at 684–85, 614 S.E.2d at 549–50).

5

relate to the Spence defendants' legal representation of plaintiff in ten real estate closings. See Am. Compl. ¶¶ 29, 36–39, 44, 47–51, 57–62. The earliest relevant date for accrual purposes is the date(s) of closing. See Shepard v. Ocwen Fed. Bank, FSB, 172 N.C. App. 475, 478, 617 S.E.2d 61, 63 (2005) ("Ordinarily, the period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the wrong alleged accrues." (quotation omitted)).

The amended complaint does not reveal the exact date(s) of the ten closings. The only dates plaintiff alleges are that in 2003, JP Services solicited plaintiff to purchase investment property in Johnston County, and that in 2004, attorney Spence permitted his paralegal to undertake all aspects of the closing process. See id. ¶¶ 20, 114. Plaintiff also alleges that attorney Spence allowed the solicitors to use the Spence law firm's office, name, and trust accounts to perpetrate mortgage scams in 2003 and 2004. Id. ¶ 40. Plaintiff originally filed her complaint on January 30, 2007. The face of the amended complaint does not clearly reveal that plaintiff's claims against the Spence defendants accrued before January 30, 2004 — the cut-off date under the three-year statute of limitations. Accordingly, the Spence defendants' request to dismiss the remaining claims based on the statute of limitations is denied. See Goodman, 494 F.3d at 464.

B.

The Spence defendants next object to the M&R's failure to apply the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure to plaintiff's breach of fiduciary

---

The statute of limitations for a constructive fraud claim appears to vary based on the underlying allegations and related claims. Where a constructive fraud claim is based on fraud or negligent misrepresentation, the applicable statute of limitations period is three years. See Carlisle, 169 N.C. App. at 685, 614 S.E.2d at 549–50; Hunter v. Guardian Life Ins. Co. of Am., 162 N.C. App. 477, 485, 593 S.E.2d 595, 601 (2004). Where a constructive fraud claim is based on breach of fiduciary duty, the applicable statute of limitations period is ten years. See N.C. Gen. Stat. § 1-56; Piles v. Allstate Ins. Co., __ N.C. App. __, 653 S.E.2d 181, 185 (2007).

6

duty, civil conspiracy, negligent misrepresentation, and constructive fraud claims because "the gravamen of [those] allegations is that of a fraudulent scheme." See Objs. to M&R 5–7. Ordinarily, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, when alleging fraud, a party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

The Spence defendants argue that plaintiff's negligent misrepresentation claim is essentially a disguised fraud claim, and must comply with Rule 9(b). See Objs. to M&R 5–6. Under North Carolina law, the tort of negligent misrepresentation occurs when "a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." Raritan River Steel Co. v. Cherry, Bekaert & Holland, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988). Notably, fraud is not an element of a claim of negligent misrepresentation. See id. Thus, the court declines to apply the heightened pleading requirement of Rule 9(b) to plaintiff's negligent misrepresentation claim. See, e.g., Baltimore County v. Cigna Healthcare, 238 F. App'x 914, 921 (4th Cir. 2007) (unpublished) (collecting cases). The same conclusion applies to plaintiff's breach of fiduciary duty and civil conspiracy claims. See, e.g., Dalton v. Camp, 353 N.C. 647, 651–52, 548 S.E.2d 704, 707–08 (2001) (elements of breach of fiduciary duty claim, which do not include fraud); State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, __ N.C. App. __, 646 S.E.2d 790, 799 (2007) (elements of civil conspiracy claim, which do not include fraud).

Moreover, although plaintiff's negligent misrepresentation, breach of fiduciary duty, and civil conspiracy claims may hint of fraud given the nature of the action, the Supreme Court has declined to extend the heightened pleading requirement of Rule 9(b) to actions that are not expressly enumerated in the Federal Rules of Civil Procedure. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). "A requirement of greater specificity for particular claims is a result that 'must be

7

obtained by the process of amending the Federal Rules, and not by judicial interpretation.'" Id. at 515 (quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)).

As for plaintiff's constructive fraud claim, even if heightened pleading is required, the amended complaint complies with Rule 9(b) of the Federal Rules of Civil Procedure. In Terry v. Terry, 302 N.C. 77, 273 S.E.2d 674 (1981), the Supreme Court of North Carolina discussed the standard for pleading a constructive fraud claim. The Court held that while a constructive fraud claim falls within the general rubric of Rule 9(b) of the North Carolina Rules of Civil Procedure[2] and its heightened pleading standard, "[a] claim of constructive fraud does not require the same rigorous adherence to elements as actual fraud." Id. at 83, 273 S.E.2d at 677. Because "[t]he very nature of constructive fraud defies specific and concise allegations," the particularity requirement under Rule 9(b) is met by alleging the facts and circumstances "(1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which the defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." Id. at 85, 273 S.E.2d at 679 (quotation omitted & alteration in original). Thus, while the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies in name, the court's actual inquiry under Rule 9(b) focuses on the elements of the claim under substantive state law. See, e.g., Nakell v. Liner Yankelevitz Sunshine & Regenstreif, LLP, 394 F. Supp. 2d 762, 772–73 (M.D.N.C. 2005) (applying Fed. R. Civ. P. 9(b)'s heightened pleading requirement in light of the substantive elements of constructive fraud under North Carolina law).

---

[2] North Carolina Rule of Civil Procedure 9(b) is identical to Federal Rule of Civil Procedure 9(b) for all relevant purposes. Compare N.C. R. Civ. P. 9(b) ("[T]he circumstances constituting fraud or mistake shall be stated with particularity.") with Fed. R. Civ. P. 9(b) (same).

8

Case 5:07-cv-00033-D   Document 114   Filed 02/21/08   Page 8 of 11

Plaintiff alleges that attorney Spence permitted paralegal Narron to handle all aspects of the closing process and failed to disclose this fact to plaintiff. See Am. Compl. ¶¶ 29, 114. Plaintiff also alleges that she was deceived by this omission, and that the Spence law firm is liable for the constructive fraud of its agents. Id. ¶¶ 50–51, 116, 119. Even if Rule 9(b) applies, the constructive fraud claim survives the motion to dismiss. See Nakell, 394 F. Supp. 2d at 772–73. Accordingly, the court overrules the Spence defendants' second objection.

C.

Finally, the Spence defendants assert that the remaining claims fail to support a claim for punitive damages. See Objs. to M&R 7. To recover punitive damages under North Carolina law, a claimant must prove that an aggravating factor of fraud, malice, or willful or wanton conduct is present and related to the injury subject to the compensatory damages. See N.C. Gen. Stat. § 1D-15(a). Here, plaintiff alleges that the Spence defendants' conduct was willful and wanton. See Am. Compl. ¶¶ 77, 91, 97, 111, 122, 137.

The Spence defendants contend that punitive damages should not be allowed because punitive damages cannot be awarded solely on the basis of vicarious liability for the acts or omissions of another. See Def.'s Mem. in Supp. of Mot. to Dismiss 27; see also N.C. Gen. Stat. § 1D-15(c); Phillips v. Rest. Mgmt. of Carolina, L.P., 146 N.C. App. 203, 216, 552 S.E.2d 686, 694 (2001). To the extent the Spence defendants object to the M&R on this ground, the court analyzes the objection as to attorney Spence and the Spence law firm individually. As to attorney Spence, punitive damages may be awarded if he participated in the conduct constituting the alleged aggravating factor that gave rise to the punitive damages. See N.C. Gen. Stat. § 1D-15(c). Although the amended complaint states at times that attorney Spence is vicariously liable for the acts of

defendant Narron (the paralegal), each remaining claim against attorney Spence,[3] except for plaintiff's negligent misrepresentation claim, specifically alleges that attorney Spence engaged in the relevant conduct and that he acted with reckless and wanton disregard for the plaintiff's rights and interests. See Am. Compl. ¶¶ 73, 77, 85, 91, 112–15, 122, 124–32, 137. Accordingly, the amended complaint states a claim for punitive damages against defendant attorney Spence, except as to the negligent misrepresentation claim.

As to defendant Spence law firm, punitive damages may be awarded if the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor that gave rise to punitive damages. See N.C. Gen. Stat. § 1D-15(c). According to the amended complaint, defendant Spence law firm is a North Carolina professional corporation. See Am. Compl. ¶ 13. Defendant attorney Spence was an officer, director, or manager of the Spence law firm at the time of the alleged conduct. Thus, because the amended complaint adequately states a claim for punitive damages against defendant attorney Spence as to the negligence, breach of fiduciary duty, constructive fraud, and legal malpractice claims, a valid claim for punitive damages against defendant Spence law firm is also stated. However, as noted, because the amended complaint fails to state a claim for punitive damages against attorney Spence on the basis of negligent misrepresentation or civil conspiracy, the Spence defendants' motion to dismiss the amended complaint is granted with respect to the punitive damages claim based on those two underlying claims. Accordingly, the Spence defendants' objection to the M&R with respect to plaintiff's punitive damages claim is sustained in part and overruled in part.

---

[3]On February 5, 2008, plaintiff voluntarily dismissed the civil conspiracy claim as to defendant attorney Spence only. Thus, the remaining claims against defendant attorney Spence are negligence, breach of fiduciary duty, negligent misrepresentation, constructive fraud, and legal malpractice.

10

III.

In conclusion, the court sustains in part and overrules in part the Spence defendants' objections to the M&R. Specifically, the court overrules the Spence defendants' objections regarding the statute of limitations and Rule 9(b). The court sustains in part the Spence defendants' objection regarding plaintiff's request for punitive damages as to the negligent misrepresentation and civil conspiracy claims, and overrules the objection as to the remaining claims. The court affirms the M&R's recommendation that the Spence defendants' motion to dismiss the amended complaint be granted in part and denied in part, and that the Spence defendants' remaining motions be denied as moot. Finally, the court vacates as moot the M&R's analysis of the claims against the Spence defendants that plaintiff voluntarily dismissed on February 5, 2008.

SO ORDERED. This **21** day of February 2008.

JAMES C. DEVER III
United States District Judge