IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-33-D(1)

| | | |
|---|---|---|
| DAWN J. HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SPENCE & SPENCE, PA., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Gregory A. Johnson, Elizabeth L. Johnson, Homes by Greg Johnson, Inc. ("HBGJ"), and Carol Grice Daniels (collectively, "defendants") filed a motion to renew their motions to dismiss for failure to state a claim [D.E. 124]. Plaintiff responded with a motion to convert the motion to dismiss into a motion for summary judgment [D.E. 134]. As explained below, defendants failed to comply with Local Civil Rule 7.1(d) when they initially moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As such, when defendants sought to renew their motions, they had nothing to renew. Construing their renewed motion as an initial motion to dismiss under Rule 12(b)(6)—given the motion's compliance with Local Civil Rule 7.1(d)—the motion is not timely filed. See Fed. R. Civ. P. 12(a)(1)(A)(i), (b). Accordingly, as explained below, the court denies defendants' motion to dismiss. Further, plaintiff's motion to convert defendants' motion to dismiss to a motion for summary judgment is denied as moot.

I.

Dawn J. Higgins ("plaintiff) filed a complaint in this court on January 30, 2007, against several individuals and corporations allegedly involved in a real estate scheme involving ten closings

with plaintiff in Johnson County, North Carolina [D.E. 1]. Plaintiff amended her complaint on March 9, 2007 [D.E. 17]. Plaintiff alleges that in 2003 several named defendants solicited her to purchase real property in Johnston County. Am. Compl. ¶¶ 3, 4, 20. The solicitors allegedly made numerous false representations to plaintiff concerning the investment properties, which induced her to provide personal financial information to the solicitors. Id. ¶¶ 22–25. The solicitors then wrongfully used plaintiff's personal information and forged powers of attorney to purchase ten homes in plaintiff's name—five without plaintiff's knowledge. Id. ¶¶ 26–27.

According to the amended complaint, defendants Gregory A. Johnson, Elizabeth L. Johnson, HBGJ, and Carol Grice Daniels were the sellers of six of the ten properties listed in the complaint. See id. ¶¶ 27, 30, 31.[1] Plaintiff's amended complaint contains twelve causes of action against defendants: (1) negligence per se; (2) negligence; (3) fraud; (4) breach of fiduciary duty; (5) civil conspiracy; (6) negligent misrepresentation; (7) constructive fraud; (8) legal malpractice/breach of standard of care; (9) violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1 et seq.; (10) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (11) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, for receipt of illegal kickbacks; and (12) violation of RESPA, 12 U.S.C. § 2603, for execution of false settlement statements. In conjunction with the eight non-statutory claims, plaintiff seeks punitive damages. See Am. Compl. ¶¶ 71, 77, 83, 91, 97, 111, 122, 137. Each claim incorporates by reference all other allegations in the amended complaint. See id. ¶¶ 64, 72, 78, 84, 92, 98, 112, 123, 138, 150, 160, 166.

---

[1]Defendants state that they were the sellers of seven properties (1, 2, 3, 6, 7, 8, and 9), but the amended complaint only alleges that they collectively sold six (1, 2, 3, 6, 7, and 8). Compare Defs.' Mem. in Supp. of Mot. to Dismiss 2 [hereinafter "Defs.' Mem."], with Am. Compl. ¶¶ 30–31.

2

On April 24, 2007, Daniels, HBGJ, and the Johnsons each filed an answer to the amended complaint [D.E. 49, 50, 51]. They did not include separate motions or supporting memoranda with these answers. Other defendants in this litigation did file separate motions to dismiss [D.E. 52, 62, 74], including memoranda in support of their motions [D.E. 53, 63, 75]. Plaintiff responded to each of these motions and memoranda [D.E. 87, 88, 89], and these other defendants replied to plaintiff's responses [D.E. 93, 94, 95, 96]. The court referred these motions to Magistrate Judge James E. Gates. Plaintiff did not respond to Daniels, HBGJ, and the Johnsons' answers. Additionally, the court did not refer Daniels, HBGJ, and the Johnsons' answers with their purportedly embedded motions to dismiss to Judge Gates.

On January 7, 2008, Judge Gates recommended that the other defendants' motions be granted in part and denied in part [D.E. 103]. The court entertained objections from the other defendants [D.E. 107] and, on February 21, 2008, issued an order granting in part and denying in part the other defendants' motion to dismiss [D.E. 114]. Specifically, the court overruled the other defendants' objections regarding the statute of limitations and Rule 9(b) of the Federal Rules of Civil Procedure, sustained in part the other defendants' objection regarding plaintiff's request for punitive damages as to the negligent misrepresentation and civil conspiracy claims, and overruled the objection as to the remaining claims. Then, the court affirmed the M&R's recommendation that the other defendants' motion to dismiss the amended complaint be granted in part and denied in part.[2]

On May 5, 2008, HBGJ, Daniels, and the Johnsons jointly filed a renewal of their motions to dismiss [D.E. 124]. On June 17, 2008, plaintiff responded and moved to convert defendants'

---

[2]On February 5, 2008, plaintiff voluntarily dismissed (without prejudice) the following claims against the other defendants: negligence per se, fraud, violation of UDTPA, violation of RICO, and violation of the kickback and settlement statement provisions of RESPA. Plaintiff also voluntarily dismissed the civil conspiracy claim against attorney Spence. Consequently, the court vacated as moot the M&R's analysis of these claims [D.E. 114].

3

motion to one for summary judgment [D.E. 134].

II.

Local Civil Rule 7.1(d) of the Eastern District of North Carolina states:

> Except for motions which the clerk may grant as specified in Local Civil Rule 77.2, all motions made other than in a hearing or trial shall be filed with an accompanying supporting memorandum in the manner prescribed by Local Civil Rule 7.2(a). Where appropriate, motions shall be accompanied by affidavits or other supporting documents.

Local Civil Rule 7.1(d), EDNC. When a party fails to comply with Local Civil Rule 7.1, a court may deny its motion. See, e.g., Williams v. Black, No. 5:07-CT-3170-D, at *2 (E.D.N.C. Oct. 10, 2008) (unpublished); Thomas v. Smith, No. 5:07-CT-3159-FL, at *1 (E.D.N.C. July 22, 2008) (unpublished); Masinick v. Am. Craftsmen, Inc., No. 5:07-CV-461-BR, 2008 WL 483456, at *2 (E.D.N.C. Feb. 19, 2008) (unpublished); ESA, Inc. v. Walton Constr. Co., No. 7:04-CV-75-F(3), at *1–2 (E.D.N.C. June 8, 2005) (unpublished); Nationwide Mut. Ins. Co. v. McMahon, 365 F. Supp. 2d 671, 673 (E.D.N.C. 2005); cf. Fayetteville, Cumberland County Black Democratic Caucus v. Cumberland County, No. 90-2029, 1991 WL 23590, at *2–3 (4th Cir. Feb. 28, 1991) (per curiam) (unpublished) (affirming district court's denial of motion based on party's violation of predecessor to Local Civil Rule 7.1).

When defendants filed their answers to the amended complaint on April 24, 2007, they moved to dismiss plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, they did not file separate motions or supporting memoranda. Defendants assume that because they filed a supporting memorandum with their renewed motion that they have complied with Local Civil Rule 7.1. See Renewal of Defs.' Mots. to Dismiss 1.[3] Rule 7.1, however, clearly

---

[3] Defendants' motion incorrectly cites Local Civil Rule 7.2, instead of Rule 7.1. Rule 7.2 sets forth the formatting and citation requirements for supporting memoranda. Rule 7.1(d) actually requires memoranda in support of motions.

4

states that a motion "shall be filed <u>with</u> an accompanying supporting memorandum." Local Civil Rule 7.1(d), EDNC (emphasis added). Filing a supporting memorandum over a year after their original answers does not meet this contemporaneous requirement. Consequently, defendants failed to comply with Local Civil Rule 7.1(d), and the court denies defendants' original motions contained within their answers. Moreover, when defendants sought to renew their motions, they had nothing to renew. Construing their renewal as an initial motion to dismiss under Rule 12(b)(6)—given the motion's compliance with Rule 7.1(d)—their motion is not timely filed. See Fed. R. Civ. P. 12(a)(1)(A)(i), (b). Accordingly, the court denies defendants' renewed motion to dismiss [D.E. 124].

Plaintiff's response includes a motion to convert defendant's renewed motion to dismiss to one for summary judgment [D.E. 134]. Because the court denies defendants' motion to dismiss as untimely, the court denies plaintiff's motion to convert as moot.

III.

As explained above, the court DENIES defendants' renewed motion to dismiss [D.E. 124] and DENIES plaintiff's motion to convert [D.E. 134] as moot.

SO ORDERED. This **3** day of March 2009.

JAMES C. DEVER III
United States District Judge